John S. Dare, on the death of his mother, became the owner of a house and lot, in fee simple, as her heir at law, subject to a power of sale by her administrator in the event that a sale was necessary for the payment of her debts.
The plaintiffs, by the suits and judgments under their attachments, acquired a lien on the house and lot, and but for the exercise of the power of sale by the administrator of Mrs. Mitchell, they would have been entitled to have the house and lot sold for the payment of their debts. Having been deprived of this right at law by the sale by the administrator, the question is, whether they are not entitled in a court of equity to follow the funds in the hands of the administrator, and have it applied in discharge of their debts, after deducting the amount applied by the administrator in payment of the debts of his intestate.
We think the equity a clear one. The plaintiffs had acquired a lien, and have an equity to be relieved from the accident that the property was sold under a power which the law gave to the administrator of the ancestor. The lien of the plaintiffs having attached, it follows that the *Page 361 
defendant Dare had no right to dispose of the fund in the hands of the administrator, nor had the administrator as such, or as the agent of Dare, any right to make an application of the fund remaining in his hands after discharging the debts of his intestate.
It is properly conceded that the deed executed by Dare to R. M. Lindsay is of no effect, and it is equally clear that the plaintiffs J. and R. Sloan are not estoppel, by receiving a part of the fund, from setting up their equity to have such an amount as may be necessary (556) applied to the payment of their debt, as they had acquired the first lien. The administrator, if he was in doubt as to the right of the creditors of Dare, ought to have retained the fund and filed a bill of interpleader. As two of the plaintiffs, Sloan and Lindsay, were sureties on the debt of R. M. Lindsay, to which the administrator applied the fund, he is entitled to a credit, as against them, for a ratable part of that debt; that is, such as they were bound to pay upon contribution with the other sureties of Dare.
There will be a reference to ascertain this amount and show the sums to which the plaintiffs are respectively entitled.